The opinion of the Court was delivered by
Duncan J.
If the award in this case were valid, there are so many, fatal objections to this judgment, the proceedings are in all respects so substantially erroneous, that the plaintiff below could not on the state of the record be entitled to any judgment. But as the Court entertain no doubt on the merits of the award, and are not willing to put the parties to the expense of a new suit, on this award, in which there could not be a recovery in any form of action or pleading, they think they best administer justice by deciding on the award, as if the whole case of the plaintiff had been stated on the record, and breaches had been legally assigned. The case would then stand thus:—In an action of ejectment in which Job Irish was plaintiff, and Orr Scoville and Silas Scoville defendants, the following agreement was entered into between Job Irish and Harry Spalding. [His honour here referred to the agreement.] In pursuance of that agreement, on the same day, a bond in the penalty of $3000, was executed by Harry Spalding to Job Irish, with the following condition. [His honour then stated the condition.] On the 15th June, 1816, the arbitrators made the following award. [Here he read the award.] The question which this Court are now to decide is, Is this a good and binding award ?
Connecting the agreement in the ejectment cause with the arbitration bond, it is evident to me, that the arbitrators were *327 to find and ascertain the sum which Harry Spalding was to pay Job Irish, for his interest in the land ; the nota bene to the agreement satisfies my mind, that one great object of the award was to ascertain the amount of the liens. “W. B. All liens by. judgment or mortgage are to be considered or deducted from the award of the said arbitrators.” Who were to consider them ? Who deduct them ? The arbitrators ; for if this was not to be done by the arbitrators, the essence of a good award would be wanting. Awards are to put an end to the controversy between the parties; they are to be certain and final.
The submission was to give notes for the sum to be awarded, “ and give his, said Spalding’s, promissory notes to said Irish or bearer, for the sum or sums by them awarded.” The certain sum to be paid, was the matter submitted to the arbitrators ; and the award is, that Irish do receive of Spalding $2518 96cts. at three payments ; but they further adjudge and award, that all legal and equitable claims against the said Job Irish remaining as liens on the land, be deducted from the above award, in equal proportions from each instalment; thus extending the claim beyond liens of judgments, and mortgages, to every equitable claim which would be a lien on the lands in the hands of Irish, as purchase money due for the lands, mortgages and agreements, and conveyances not recorded. Whatever the amount might be, they were to be deducted from the sum awarded; thus leaving them to future examination. When, how, or by whom are these to be ascertained and deducted ? Is Spalding to give his notes payable to Irish or bearer for the whole sum, and in the suits brought on these notes to have them deducted ? This would either enable Irish to impose on the world by negotiating the promissory notes payable to bearer, for a certain ascertained sum, when the debt was not ascertained, but left to be after-wards ascertained, and when ascertained, to be deducted proportionably from the notes, or expose Spalding to the risk of being obliged to pay the notes to an innocent indorsee without defalking the amount of those liens. The notes by the condition are to be given for the sum awarded; that sum then, is to be the absolute unconditional sum awarded by the arbitrators, after the deduction of the liens, and this is the clear and plain construction of the arbitration bond, connected with the agreement in the ejectment cause. He cannot *328 ascertain the liens; if judgments, they may be for the penalty if mortgages, part paid; the judgments and mortgages maybe fully discharged, though satisfaction be not entered ; besides latent contracts j besides the liens in equity in the hands of Irish. If it be, that by the award he is not to give notes, but the money is to be recovered on the award, then they must be deducted by a jury; thus leaving open for future discussion the very matter which was submitted. The award in its very nature ought to be wholly decisive ; the arbitrators cannot delegate to others, that which is submitted to them ; nor could the arbitrators refer a matter to their own future judgment or decision. An award, that if the plaintiff prove certain articles against the defendant, then he shall- pay so much as the plaintiff was damnified thereby, is not final; or if the defendant shall make out on oath before a Judge any disbursements made on account of the plaintiff, that the plaintiff shall pay them; but in case the defendant does not prove them within a limited time, the parties shall give general releases, this is not a good award. Selby v. Russell, Comb. 456. Nor would an award that the defendant shall pay to the plaintiff such a sum of money, unless within twenty days the defendant should exonerate himself by affidavit from certain payments and receipts, in which case he was only to pay a certain other less sum,- be good, because it is uncertain and inconclusive. A mere mistake in calculation will not vitiate an award in toto, for that may be corrected ; but where a substantial part of the matter submitted is left undecided, so that the arbitrators do not make a final conclusion of the matters in difference, this avoids the whole. There is a prevailing principle in the construction of awards ; that they should be final in every case without any reference to a future examination and decision, except the award of costs, which are always to be taxed by the officers of the Court. 12 Mod. 139. Willes, 166. 4 Dall. 74. But an award that one party shall pay the reasonable, expenses of another in carrying on his suit, is ill.
On the ground of the award not being final, ascertained and decided, but leaving the matter submitted open for future examination, the judgment must be reversed.
Judgment reversed.